LISA HOGAN, ESQ. (admitted *pro hac vice*)
lhogan@bhfs.com
BROWNSTEIN HYATT FABER SCHRECK LLP
410 17th Street, Suite 2200
Denver, CO 80202
Telephone: 303.223.1100
Facsimile: 303.23.1111

TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800
tchance@bhfs.com
EMILY L. DYER, ESQ., Nevada Bar No. 14512
edyer@bhfs.com
BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
Telephone: 702.382.2101
Facsimile: 702.382.8135

*Attorneys for Defendants Area 15 Las Vegas LLC, Area 15 Global LLC, Winston Fisher, Fisher Brothers Management Co. LLC, and Fisher Brothers Financial and Development Company LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GEORGE JARAMILLO, II, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AREA 15 LAS VEGAS LLC, a Delaware Limited Liability Company, AREA 15 GLOBAL LLC, a Delaware Limited Liability Company, ARNOLD FISHER, an Individual, KENNETH FISHER, an Individual, STEVEN FISHER, an Individual, WINSTON FISHER, an Individual, FISHER BROTHERS MANAGEMENT CO. LLC, a New York Limited Liability Company, FISHER BROTHERS FINANCIAL AND DEVELOPMENT COMPANY LLC, a New York Limited Liability Company, and DOES 1-50 Inclusive,<br><br>Defendant. | CASE NO.: 2:21-cv-00891-RFB-BNW<br><br>**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER** |

///

///

///

1

23670770.2

Plaintiff GEORGE JARAMILLO, II ("Plaintiff"), by and through his undersigned counsel of record, the law firms of Brown, Clark, Le, Ames, Stedman & Cevallos LLP and Kaplan Cottner, and Defendants AREA 15 LAS VEGAS LLC, AREA 15 GLOBAL LLC, WINSTON FISHER, FISHER BROTHERS MANAGEMENT CO. LLC, and FISHER BROTHERS FINANCIAL AND DEVELOPMENT COMPANY LLC (collectively, "Defendants"), by and through their undersigned counsel of record, the law firm of Brownstein Hyatt Farber Schreck, LLP, hereby stipulate and agree that the use and handling of Confidential Information (as defined herein) in these proceedings shall be governed by and subject to the provisions of this Stipulated Confidentiality and Protective Order (the "Order"):

## I. PURPOSES AND LIMITATIONS

As recognized by this Court (*see* ECF 50, at 16:4-7), disclosure and discovery activity in these Proceedings may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting these Proceedings would be warranted and consistent with FRCP 26(c) and the public policy under federal law and the law of the State of Nevada.

This Order shall be applicable to and govern all Confidential Information in any form (including without limitation any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by the parties or their counsel to or in court or in other settings that reveal Confidential Information, or tangible things) produced or disclosed by or on behalf of any Producing Party in connection with these Proceedings.

## II. DEFINITIONS

a. The term "Document" or "documents" shall have the same meaning as used in the Federal Rules of Civil Procedure and case law construing same.

b. The term "Producing Party" includes any party and any nonparty who produces information or documents incident to discovery in these Proceedings.

c. The term "Receiving Party" includes any party that receives such information or documents incident to discovery in these Proceedings.

23670770.2

d.  The term "these Proceedings" means the proceeding designated in the caption to this Order.

e.  The term "Discovery Material" refers to documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or other legal process by or from, or produced on behalf of, a party or witness in connection with these Proceedings that are not designated as Confidential Information or Highly Confidential Information – Attorneys' Eyes Only.

f.  The term "Confidential Information" means all information and information that constitutes, reflects, compiles, or discloses nonpublic information, trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic information (regarding business plans or strategies, analyses, technical data, and nonpublic designs), the disclosure of which the Producing Party believes in good faith might reasonably result in economic or competitive, or business injury to the Producing Party (or its affiliates, personnel, or clients) and which is not publicly known and cannot be ascertained from an inspection of publicly available sources, documents, material, or devices. "Confidential Information" also includes sensitive personal information that is not otherwise publicly available, such as home addresses, social security numbers, dates of birth, employment personnel files, medical information, home telephone records/numbers, employee disciplinary records, wage statements or earnings statements, employee benefits data, tax records, information about employee and former employee compensation, bank statements, and other similar personal financial information.

g.  The term "Highly Confidential – Attorneys' Eyes Only Information" means any Confidential Information that also includes (a) extremely sensitive, highly confidential, nonpublic information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, private, or strategic information (including information regarding business plans, technical data, and nonpublic designs), the disclosure of which would create a substantial risk of competitive, business, or personal injury to the Producing Party, and/or (b) nonpublic

3

23670770.2

documents or information reflecting compliance with state, federal, or foreign laws or regulations.

  h. <u>Information Not Confidential</u>. Information not to be construed as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information is that which:

   1. Was lawfully in the Receiving Party's possession prior to such information being designated as Confidential or Highly Confidential – Attorneys' Eyes Only Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

   2. Was obtained without any benefit or use of Confidential or Highly Confidential – Attorneys' Eyes Only Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

   3. Was independently developed after the time of disclosure by persons who did not have access to the Producing Party's Confidential or Highly Confidential – Attorneys' Eyes Only Information;

   4. Has been or became part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

   5. Under law, has been declared to be in the public domain.

### III. DESIGNATING CONFIDENTIAL INFORMATION

  a. <u>Manner and Timing of Designations</u>. Any Producing Party may designate Discovery Material that is in its possession, custody, or control produced to a Receiving Party as "Confidential" or "Highly Confidential-Attorneys' Eyes Only" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined herein. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

   1. <u>Information in documentary form.</u> Any party may designate information in

4

23670770.2

documentary form (apart from transcripts of depositions or other pretrial or trial proceedings) as Confidential Information or Highly Confidential-Attorneys' Eyes Only by marking each page of the document so designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (whether produced in hard copy or electronic form) in all capitals and red font across the top portion of such page at the expense of the designating party and treated as such by all parties. Parties other than the Producing Party may likewise designate such materials for confidential treatment by written notice. A Producing Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced. After the inspecting party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for production under this Order, and before producing the specified documents, the Producing Party must mark each page of the document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

2. <u>Information produced in some form other than documentary, and for any other tangible items</u>. A Producing Party producing information in some form other than documentary, including but not limited to, tangible items, shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY"). If that matter is stored or recorded electronically (including information databases, images, or programs stored on computers, discs, networks, or backup tapes) and a legend cannot be affixed upon it, the Producing Party may designate in a cover letter identifying such material as

23670770.2

Confidential or Highly Confidential-Attorneys' Eyes Only. Parties other than the Producing Party shall also have the right to designate such materials for confidential treatment in accordance with this Order by written notice.

3. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as Confidential or Highly Confidential-Attorneys' Eyes Only does not waive the party's right to secure protection under this Order for such material. If material is appropriately designated as Confidential or Highly Confidential-Attorneys' Eyes Only after the material was initially produced, the Receiving Party(ies), on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. As used in this Order, an act is "timely" if it occurs within 10 days and does not unduly prejudice another party.

4. <u>Designating information previously produced.</u> Once the Court enters this Order, a party shall have thirty (30) calendar days to designate as Confidential or Highly Confidential-Attorneys' Eyes Only any documents previously produced in this action, which it can do by stamping "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the document, or informing the other parties of the Bates-numbers of the documents so designated in writing.

b. <u>Redaction Allowed</u>. Any Producing Party may redact from the documents or things it produces in these Proceedings that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure. Any Producing Party also may redact information that is both personal and nonresponsive, such as a social security number. A Producing Party may not withhold nonprivileged, responsive information solely on the grounds that such information is contained in a document that includes privileged information. The Producing Party shall mark each

6

23670770.2

redaction by either blacking out the text or marking as "REDACTED." All documents redacted based on the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege from disclosure shall be listed in an appropriate privilege log in conformity with Federal Rule of Civil Procedure 26(b)(5), which includes the following information: specifically identify the author (and their capacity) of the document; the date on which the document was created; a brief summary of the subject matter of the document; if the document is a communication – the recipient, sender, and all others (and their respective capacities) provided with a copy of the document; other individuals with access to the document (and their respective capacities); the type of document; the purpose for creation of the document; and a detailed, specific explanation as to why the document is privileged or otherwise immune from discovery. Where a document consists of more than one page, the page on which information has been redacted shall so be marked. The Producing Party shall preserve an unredacted version of such document.

IV. **USE OF CONFIDENTIAL INFORMATION OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION IN DEPOSITIONS, PRETRIAL, OR OTHER TRIAL PROCEEDING.**

    a.    <u>Use of Confidential or Highly Confidential – Attorneys' Eyes Only Information at depositions</u>. Counsel for any party shall have the right to disclose Confidential or Highly Confidential – Attorneys' Eyes Only Information at depositions, provided that such disclosure is consistent with this Order. Any counsel of record may request that all persons not entitled under section VI of this Order to have access to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

If a document that has previously been designated as Confidential Information is made an

23670770.2

1 exhibit to a deposition, the deposition transcripts shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" and the list of exhibits included by the reporter with any transcript shall indicate which exhibits have been designated as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

      b. <u>Designating testimony as Confidential or Highly Confidential – Attorneys' Eyes Only Information at depositions.</u> At any deposition session, (1) upon inquiry with regard to the content of any discovery material(s) designated or marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY;" (2) whenever counsel for a party deems that the answer to a question may result in the disclosure or revelation of Confidential or Highly Confidential – Attorneys' Eyes Only Information; and/or (3) whenever counsel for a party deems that the answer to any question has resulted in the disclosure or revelation of Confidential or Highly Confidential – Attorneys' Eyes Only Information, counsel to any party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential or Highly Confidential – Attorneys' Eyes Only Information in accordance with this Order by a statement on the record during the deposition or by notifying all other parties in writing, within thirty (30) calendar days of receiving the transcript or video that it contains Confidential or Highly Confidential – Attorneys' Eyes Only Information and designating the specific pages, lines, and/or counter numbers as containing Confidential or Highly Confidential – Attorneys' Eyes Only Information. If a designation is made via a statement on the record during a deposition, counsel must follow up in writing within thirty (30) calendar days of receiving the transcript or video, identifying the specific pages, lines, and/or counter numbers containing the Confidential or Highly Confidential – Attorneys' Eyes Only Information. Each party shall attach a copy of the written notice to the face of each copy of the transcript in his/her possession, custody or control. If no confidentiality designations are made within the thirty (30) day period, the entire transcript shall be considered non-confidential. During the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information (or Highly Confidential – Attorneys' Eyes Only Information). All originals and copies of deposition transcripts that contain Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be prominently

23670770.2

marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Counsel must designate portions of a deposition transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" within thirty (30) calendar days of receiving the transcript. Any DVD or other digital storage medium containing Confidential or Highly Confidential-Attorneys' Eyes Only deposition testimony shall be labeled in accordance with the provisions of section III.

### V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. <u>Challenging Confidential Information or Highly Confidential – Attorneys' Eyes Only Information</u>. Any party may object to the designation of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information on the grounds that such information does not constitute Confidential Information or Highly Confidential – Attorneys' Eyes Only Information by serving written notice upon counsel for the Producing Party specifying the item(s) in question, the grounds for the objection, and arranging for a conference pursuant to Court rules to attempt to informally resolve the dispute in good faith. If counsel cannot resolve the dispute, the objecting party may seek appropriate relief from the Court. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed herein. This Order will not affect the burden of proof on any such motion, or impose any burdens upon any party that would not exist had the Order not been entered; as a general matter, the burden shall be on the person making the designation to establish the propriety of the designation. Any contested information shall continue to be treated as confidential and subject to this Order until such time as such motion has been ruled upon.

b. <u>Timing of Challenges</u>. Unless a challenge to a Producing Party's designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge within 30 days after the original designation is disclosed

23670770.2

## VI. ACCESS TO CONFIDENTIAL INFORMATION

All Confidential Information or Highly Confidential – Attorneys' Eyes Only Information produced or exchanged by the parties or by third parties in the course of these Proceedings shall be used solely for the purpose of conducting these Proceedings and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order.

a. <u>Confidential Information</u>. Confidential Information shall not be disclosed or communicated to anyone other than the following persons:

1. Attorneys for the parties in these Proceedings including the respective partners, of counsel, associates and employees of such attorneys to whom it is reasonably necessary that the material be shown for purposes of these Proceeding;

2. The parties in these Proceedings, including their respective officers, directors, employees, and agents;

3. Independent experts and consultants retained by a party to testify or perform other services in connection with these Proceedings;

4. Persons retained by a party to provide litigation support services (photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.);

5. Court reporters in connection with their duties in providing recording and transcription services for depositions conducted in connection with these Proceedings;

6. Personnel of any Court, including judges, official reports, law clerks, and other authorized personnel, to the extent necessary for them to perform their duties in connection with these Proceedings;

7. Any authors or recipients of the Confidential Information;

8. A witness at any deposition or other proceeding in this action; and

9. Any other person as to whom the parties in writing agree or that the Court

in these proceedings so designates.

Any person to whom Confidential Information is disclosed pursuant to subparts (1) through (9) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Order, and that any violation of this Order may result in the imposition of such sanctions as the Court deems proper.

Any person to whom Confidential Information is disclosed pursuant to subpart (3), (4), (8) or (9) of this section shall also be required to execute a copy of the Agreement To Be Bound by and Comply with Protective Order in the form attached as **Exhibit A**. The persons shall agree in writing to be bound by the terms of this Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information. No party (or its counsel) shall discourage any persons from signing a copy of Exhibit A. If a person refuses to execute a copy of Exhibit A, the party seeking to reveal the Confidential Information shall seek an order from the Court directing that the person be bound by this Order. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the Court resolves the issue. Proof of each written agreement provided for under this section shall be maintained by each of the parties while this action is pending and disclosed to the other parties upon good cause shown and upon order of the Court.

b. <u>Highly Confidential – Attorneys' Eyes Only Information</u>. Highly Confidential – Attorneys' Eyes Only Information may be used only in connection with this case and may be disclosed only to the Court and the persons listed in subsections (1), (4), (5), (6), (8), and (9) Section VI.a. above, but shall not be disclosed to a party unless otherwise agreed or ordered. With respect to sub-section (3) and (7), the parties will consider disclosure of Highly Confidential – Attorneys' Eyes Only Information to such persons on a case by case basis. Should the parties (or their counsel) jointly determine to disclose Highly Confidential – Attorneys' Eyes Only Information to such persons described in sub-section (3), the persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of the form Exhibit A. Any person

11

23670770.2

to whom Highly Confidential – Attorneys' Eyes Only Information is disclosed pursuant to subsections (4), (8) or (9) of Section VI.a. above shall also be required to execute a copy of the form Exhibit A.

## VII. **FILING PROTECTED MATERIAL**

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. A party may file Confidential Information or Highly Confidential – Attorneys' Eyes Only Information with the Court under seal by following the applicable court rules. If possible, the parties will redact portions of the confidential materials as opposed to sealing the entire document. Redaction is the Court's preferred method over sealing an entire document. Further, any confidential materials that are filed with the Court, and any pleading, motion, deposition transcripts, exhibits or other paper filed with the Court containing or disclosing any such Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall be filed under seal and shall bear the legend:

"THIS DOCUMENT CONTAINS CONFIDENTIAL INFORMATION/MATERIAL COVERED BY A PROTECTIVE ORDER OF THE COURT AND IS SUBMITTED UNDER SEAL PURSUANT TO THAT PROTECTIVE ORDER. THE CONFIDENTIAL CONTENTS OF THIS DOCUMENT MAY NOT BE DISCLOSED WITHOUT THE EXPRESS ORDER OF THE COURT."

## VIII. **MISCELLANEOUS**

a. <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

b. <u>Right to Assert Other Objections</u>. Nothing in this Order may be construed to restrict any party's right to challenge the admissibility or use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information on any ground other than confidentiality, including but not limited to competence, relevance, or privilege. This Order is not intended to foreclose any Producing Party's right to make a valid objection to any discovery request(s) on privacy, trade secret, confidentiality, or other applicable grounds.

23670770.2

c. <u>Inadvertent production of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information</u>. Any inadvertent production of privileged materials shall be governed by FRCP 26(b)(5)(B). The inadvertent failure to designate information produced in discovery as Confidential or Highly Confidential-Attorneys' Eyes Only shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information or Highly Confidential – Attorneys' Eyes Only Information.

d. <u>Duration</u>. Even after the termination or settlement of these Proceedings, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a court order otherwise directs.

e. <u>Return of Information</u>. Within thirty (30) days after the final disposition of this action, all Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information produced in these Proceedings (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Receiving Parties, and each counsel shall, by declaration delivered to all counsel for the Producing Party, affirm that all such Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that each counsel shall be entitled to retain pleadings, motions and memoranda in support thereof, declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Information and/or Highly Confidential – Attorneys' Eyes Only Information, but only to the extent necessary to preserve a litigation file with respect to these Proceedings. This section shall not apply to the Court or its staff.

f. <u>Knowledge of Unauthorized Use or Possession</u>. If a party receiving Confidential Information or Highly Confidential – Attorneys' Eyes Only Information learns of any possession, knowledge, use or disclosure of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information in violation of the terms of this Order, the Receiving Party shall immediately notify in writing the party that produced the Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. The Receiving Party shall promptly furnish the

13

23670770.2

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

Producing Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Receiving Party shall assist the Producing Party in remedying the disclosure (e.g., by retrieving the Confidential Information from an unauthorized recipient) and/or preventing its recurrence.

     g.    <u>Notice to Nonparties.</u> Any party issuing a subpoena, or any other form of compulsory process of any court, administrative or legislative body, or authorized similar entity, to a nonparty shall enclose a copy of this Order and advise the nonparty that it may designate any Discovery Material it produces pursuant to the terms of this Order, should the nonparty producing party wish to do so. This Order shall be binding in favor of the designating nonparty to the maximum extent permitted by law. Any nonparty invoking the Order shall comply with, and be subject to, all applicable sections of the Order. Compliance with any order directing production pursuant to a subpoena of any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not constitute a violation of this Stipulation and Order. Nothing herein shall be construed as requiring the party to whom a subpoena is directed or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information covered by this Order, or to subject themselves to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

     h.    <u>No Waiver.</u> This Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial. Additionally, this Order will not prejudice the right of any party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law.

     i.    <u>Reservation of Rights.</u> The parties each reserve the right to seek or oppose additional or different protection for particular information, documents, materials, items or things.

14

23670770.2

This Stipulation shall neither enlarge nor affect the proper scope of discovery in this Action. In addition, this Stipulation shall not limit or circumscribe in any manner any rights the parties (or their respective counsel) may have under common law or pursuant to any state, federal, or foreign statute or regulation, and/or ethical rule.

        j.    <u>Injunctive Relief and Sanctions Available for Unauthorized Disclosure or Use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information</u>. The parties and/or nonparties shall not utilize any Confidential Information or Highly Confidential – Attorneys' Eyes Only Information for their own personal and/or business advantage or gain, aside from purpose(s) solely related to these Proceedings. The parties and nonparties acknowledge and agree that unauthorized use and/or disclosure of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information beyond this litigation shall subject the offending party or nonparty to sanctions contemplated in FRCP 37, up to and including entry of judgment against the offending party in circumstances involving willful disobedience of this order. Further, the parties and/or nonparties receiving or being given access to Confidential Information or Highly Confidential – Attorneys' Eyes Only Information acknowledge that monetary remedies would be inadequate to protect each party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information that the Receiving Party only received through discovery in this action and that injunctive relief would be necessary and appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information. The availability of injunctive relief to protect against the unauthorized disclosure or use of Confidential Information or Highly Confidential – Attorneys' Eyes Only Information shall not be exclusive.

**IT IS SO STIPULATED.**

DATED 11th day of March, 2022.

| BROWNSTEIN HYATT FARBER SCHRECK, LLP | KAPLAN COTTNER |
|---|---|
| BY: /s/ Travis F. Chance | BY: /s/ |

15

23670770.2

| | |
|---|---|
| LISA HOGAN, ESQ. (admitted *pro hac vice*)<br>lhogan@bhfs.com<br>TRAVIS F. CHANCE, ESQ., Nevada Bar No. 13800<br>tchance@bhfs.com<br>EMILY L. DYER, ESQ., Nevada Bar No. 14512<br>edyer@bhfs.com<br><br>*Attorneys for Defendants Area 15 Las Vegas LLC, Area 15 Global LLC, and Winston Fisher, Fisher Brothers Management Co. LLC, Fisher Brothers Financial and Development Company LLC* | KORY L. KAPLAN, ESQ.<br>Email: kory@kaplancottner.com<br><br>BROWN, CLARK, LE, AMES, STEDMAN & CEVALLOS LLP<br>Edwin B. Brown (admitted *pro hac vice*)<br><br>*Attorneys for Plaintiff George Jaramillo, II* |

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

Dated _____March 8, 2022_____

BROWNSTEIN HYATT FARBER SCHRECK, LLP
100 North City Parkway, Suite 1600
Las Vegas, NV 89106-4614
702.382.2101

23670770.2

# INDEX OF EXHIBITS

EXHIBIT A: Confidentiality Agreement

23670770.2

# EXHIBT A

## CONFIDENTIALITY AGREEMENT

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1. I have read the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in *George Jaramillo, II v. Area 15 Las Vegas LLC, et al.*, United States District Court, District of Nevada, Case No. 2:21-cv-00891-RFB-BNW on _____, _____, and I fully understand its contents.

2. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3. I understand that by signing this instrument, I will be eligible to receive "Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____   _____
(Signature)

_____
(Printed Name)

_____
(Address)

23670770.2