BROWN, CLARK, LE, AMES, STEDMAN & CEVALLOS LLP
EDWIN B. BROWN [SBN 89447] (*Pro Hac Vice*)
Email: edbrownlaw@gmail.com
22342 Avenida Empresa, Suite 125
Rancho Santa Margarita, CA 92688
Phone: (949) 459-5900 Fax: (949) 713-7722

KAPLAN COTTNER
KORY L. KAPLAN, ESQ.
Nevada Bar No. 13164
Email: kory@kaplancottner.com
10091 Park Run Drive, Suite 190
Las Vegas, Nevada 89145
Telephone: (702) 381-8888
Facsimile: (702) 832-5559
*Attorneys for Plaintiff George Jaramillo, II*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GEORGE JARAMILLO, II, an Individual<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>AREA 15 LAS VEGAS LLC, a Delaware Limited Liability Company, AREA 15 GLOBAL LLC, a Delaware Limited Liability Company, ARNOLD FISHER, an Individual, KENNETH FISHER, an Individual, STEVEN FISHER, an Individual, WINSTON FISHER, an Individual, FISHER BROTHERS MANAGEMENT CO. LLC, a New York Limited Liability Company, FISHER BROTHERS FINANCIAL AND DEVELOPMENT COMPANY LLC, a New York Limited Liability Company, and DOES 1-50 Inclusive,<br><br>　　　　　Defendants. | Case No.:  2:21-cv-00891-RFB-BNW<br><br>**STIPULATION TO EXTEND DEADLINE TO AMEND COMPLAINT**<br><br>**(FIRST REQUEST)** |

　　　　Pursuant to Fed. R. Civ. P. 16(b)(4) and Local Rules IA 6-1 and L.R. 26-3, Plaintiff and Defendants Area 15 Las Vegas, LLC ("Area 15 LV"), Area 15 Global, LLC ("Area 15 Global", and together with Area 15 LV, the "Area 15 Entities"), Fisher Brothers Management Company, LLC

1

23879606.1

("FBMC"), Fisher Brothers Financial & Development Company, LLC ("FFDC", and together with FBMC, the "Fisher Entities"), and Winston Fisher ("Winston") (collectively, "Defendants") hereby stipulate to extend the March 11, 2022, deadline to amend pleadings and add parties, stating as follows:

I.      PROCEDURAL BACKGROUND

1.      On May 6, 2021, Plaintiff filed his Complaint against all Defendants, as well as now non-parties Arnold Fisher ("Arnold"), Kenneth Fisher ("Kenneth"), and Steven Fisher ("Steven") (collectively, the "Dismissed Parties"). [ECF 1].

2.      On August 2, 2021, the Fisher Entities and the Dismissed Parties filed a Motion to Dismiss for Lack of Personal Jurisdiction [ECF 21] and all Defendants and the Dismissed Parties filed a Motion to Dismiss for Failure to State a Claim [ECF 22].

3.      On October 25, 2021, Defendants and the Dismissed Parties filed a Motion to Stay Discovery and Scheduling Deadlines.  [ECF 38].

4.      On December 8, 2021, Magistrate Judge Brenda Weksler granted the Motion to Stay Discovery and Scheduling Deadlines while the two motions to dismiss remained pending.  [ECF 45].

5.      On January 25, 2022, the Court held oral argument on the two motions to dismiss.

6.      The Motion to Dismiss for Lack of Personal Jurisdiction [ECF 21] was Granted in Part and Denied in Part.  The motion was granted with respect to the Dismissed Parties.  The motion was denied without prejudice as to the Fisher Entities.

7.      The Motion to Dismiss for Failure to State a Claim [ECF 22] was Granted in Part and Denied in Part. The motion was granted with respect to Plaintiff's claims for wrongful termination, defamation, breach of contract, fraud, and violations of Section 1981, with leave to amend.  Plaintiff was given until March 11, 2022, to file an Amended Complaint with respect to those claims. The motion was denied as to all other claims.

8.      The stay of discovery was also lifted at the January 25, 2022, hearing.  Plaintiff was permitted to take jurisdictional discovery until April 25, 2022.  Defendants are permitted to file a

2

23879606.1

partial motion for summary judgment with respect to the Fisher Entities by April 25, 2022.

## II.     THE PARTIES HAVE COMPLETED THE FOLLOWING DISCOVERY

1. On October 13, 2021, Plaintiff served his Initial Disclosures.

2. On February 4, 2022, Plaintiff served FRCP 34 document demands to the Area 15 Entities, the Fisher Entities, and also the Dismissed Parties.

3. On February 4, 2022, Plaintiff served FRCP 33 interrogatories on the Dismissed Parties.

4. On February 8, 2022, Plaintiff served a FRCP 34 document demand to Winston.

5. On February 9, 2022, Defendants circulated a draft ESI Protocol and Stipulated Protective Order for Plaintiff's review and comment.

6. On February 14, 2022, the parties engaged in a continued FRCP 16.1 conference.

7. On February 18, 2022, Defendants served their Initial Disclosures.

8. On February 28, 2022, the parties engaged in a meet and confer telephonic conference with respect to the FRCP 34 document demands served on the Defendants, at which the parties reached several agreements as to, among other things, the document demands and interrogatories to narrow the responses.

9. On March 4, 2022, Plaintiff agreed to the form of the Stipulated Protective Order.

10. On March 8, 2022, this Court entered the Stipulated Confidentiality Agreement and Protective Order. [ECF 57].

## III.    DISCOVERY TO BE COMPLETED

The Fisher Entities and the Area 15 Entities' responses to the February 4, 2022, FRCP 34 requests were originally due by March 7, 2022, while Defendant Winston's responses to the February 8, 2022, document demand are due by March 10, 2022. However, the meet and confer process described above has resulted in agreements as to those requests to narrow the number and scope of the same.

## IV.    GOOD CAUSE EXISTS TO EXTEND DEADLINES

The parties are continuing to work to establish protocols and the necessary protection for

Defendants to provide responses to the discovery requests and to narrow the scope and number of the requests. However, there simply will not be enough time for Defendants to produce the documents or for Plaintiff to review all of the responses in order to amend his Complaint by the March 11, 2022, deadline, in light of continued efforts between the parties to efficiently narrow the scope of necessary discovery and items needed to provide the above responses to Plaintiff. Good cause therefore exists and no prejudice will result in continuing the deadline set by the Court at the January 25, 2022, hearing to amend the Complaint by forty-five (45) days.

Accordingly, and for good cause shown, the parties respectfully request that the Court continue the deadline to amend the complaint and add parties by forty-five (45) days. On March 8,

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

2022, the undersigned counsel conferred in accordance with Fed. R. Civ. P. 26(f).

DATED this 10th day of March, 2022.

BROWN CLARK LE AMES STEDMAN & CEVALLOS LLP

By: /s/ Kory L. Kaplan
EDWIN B. BROWN, ESQ.
[SBN 89447] (*Pro Hac Vice*)
22342 Avenida Empresa, Suite 125
Rancho Santa Margarita, CA 92688

KAPLAN COTTNER
KORY L. KAPLAN, ESQ.
Nevada Bar No. 13164
10091 Park Run Drive, Suite 190
Las Vegas, Nevada 89145
*Attorneys for Plaintiff*

AND

BROWNSTEIN HYATT FABER SCHRECK LLP

/s/ Travis F. Chance
LISA HOGAN, ESQ. (*Pro Hac Vice*)
410 17th Street, Suite 2200
Denver, CO 80202

TRAVIS F. CHANCE, ESQ.
Nevada Bar No. 13800
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-4614
*Attorneys for Defendants*

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: March 11, 2022

5

23879606.1